IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HERZON STUART, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-075 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Herzon Stuart, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ-CID disciplinary hearing. Pursuant to the respondent's Motion for Summary Judgment, this action will be dismissed because Stuart has failed to assert claims which entitle him to relief.

**I. Procedural History and Claims**

Stuart is incarcerated in the TDCJ-CID pursuant to a state court judgment in which he was found guilty and sentenced to fifty years in prison for two counts of aggravated robbery. *State v. Stuart*, No. 579634 (337th Dist. Ct., Harris County, Tex., Sept. 13, 1991). He does not challenge the validity of any felony conviction in this petition. Instead, he challenges the finding of a TDCJ-CID disciplinary hearing officer. Stuart contends that he was denied due process when he was found guilty of being in possession of contraband in disciplinary case number 20040272755 on May 27, 2004. He also claims that there was no evidence to support the disciplinary hearing officer's

determination. After determining that Stuart was guilty, the hearing officer assessed the following punishments: 1) forty-five days of cell restriction; 2) a loss of forty-five days of recreation privileges, commissary privileges, and radio and TV privileges; 3) forty-two hours of extra duty; and 4) a reduction in good-time earning status from Line State Approved Trustee Level 3 to State Approved Trustee Level 4.

## II. Analysis

The challenges to the punishments have no basis in law because such punishments are not actionable in federal court. *See Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300.

Stuart's forty-five days of cell restriction and his loss of privileges did not implicate any due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Moreover, Stuart's extra work hours do not merit further review because he was not denied a liberty interest. *See e.g. Foley v. Cockrell,* 2002 WL 31156733, *2 n.3 (N.D. Tex. Sept. 24, 2002) ("Extra duty hours are no different than commissary and recreation restrictions, which

have been held to not to impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life."), *citing Madison*, 104 F.3d at 768. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Stuart's reduction in good-time earning status does not implicate any violation because prisoners do not have an unqualified constitutional right to earn good time in the Texas prison system. TEX. GOVT. CODE § 498.003(a) (West 2004) ("Good conduct time is a privilege and not a right."). A demotion in status in some instances may prevent a prisoner from earning good-time credits, but it does not establish a claim because a prisoner does not have a constitutionally cognizable "right" to a particular time-earning status and the affect of such action on his release date would be too attenuated to be considered a deprivation of a liberty interest. *Malchi*, 211 at 959; *Luken*, 71 F.3d at 193. *See also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good-time credits does not inevitably affect the length of the sentence).

Moreover, while a loss of good-time credits may be actionable for some prisoners, it would not affect the amount of time Stuart must serve. This is due to the offenses for which he is incarcerated. Since 1977, good-time credits affect the amount of a given sentence that an inmate must serve only if he has been convicted of certain offenses. *See* TEX. CIV. STAT. art. 6181-1, § 4 (Vernon 1977) ("Good conduct time applies only to eligibility for parole or mandatory supervision . . . and shall not otherwise affect the inmate's term."). *See also* TEX. GOVT. CODE § 498.003(a). As stated above, Stuart is serving time for aggravated robbery. An inmate who has been adjudged guilty of aggravated robbery may not be released under mandatory supervision. *See* TEX. GOVT.

3

CODE § 508.149(a)(12) (Vernon 2000).  Stuart admits on page 5 of his habeas petition that he is not eligible for release under mandatory supervision.  Consequently, any loss of good-time that might have occurred as a result of the disciplinary hearing would not affect the duration of Stuart's incarceration, and therefore, would not implicate any due process concerns.  *See Madison*, 104 F.3d 768-69.  Moreover, it is undisputed that Stuart did not lose any good time credits.  *See* Petition, Docket Entry No. 1, at 5.  This action is subject to dismissal because the restrictions and demotions are not actionable.  *Madison*, 104 F.3d 768-69;  *Orellana*, 65 F.3d at 31-32.

### III.  Certificate of Appealability

Although Stuart has not yet requested a Certificate of Appealability (COA) on the claims denied in this Order, the issue of a COA may arise.  This court may deny a COA *sua sponte*.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  To obtain a COA, Stuart must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing, Stuart must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Stuart has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The court **DENIES** the issuance of a COA in this action.

## IV. Conclusion and Order

The court **ORDERS** the following:

1. The respondent's Motion for Extension of Time (Docket Entry No. 10) is **GRANTED**.

2. The Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

3. This action is **DISMISSED** with prejudice.

4. The court **DENIES** a Certificate of Appealability on all claims.

**SIGNED** on this 6th day of March, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE